In re Walter Wayne REISHER a/k/a Bummy Reisher, Lois Marie Reisher t/a Reisher's Duraclean Service, Debtors.

Walter Wayne REISHER a/k/a Bummy Reisher, Lois Marie Reisher t/a Reisher's Duraclean Service, Movants,

v.

INTERNAL REVENUE SERVICE, Respondent.

Bankruptcy No. I–86–00366.

No. 1–92–0347 Adv.

United States Bankruptcy Court, M.D. Pennsylvania.

Oct. 30, 1992.

Lovette M. Mott, Gettysburg, PA, for plaintiffs.

Edward J. Snyder, Chief, Civil Trial Section, Washington, DC, for defendant.

MEMORANDUM

ROBERT J. WOODSIDE, Chief Judge.

This matter involves a rather unique factual situation. Walter Wayne Reisher and Lois Marie Reisher (Debtors) had their Chapter 11 Plan confirmed by Order of this Court dated May 17, 1988. The plan calls for monthly payments to the Internal Revenue Service (IRS). The Debtors were constantly delinquent in their payment to the IRS. On July 6, 1992 and August 11, 1992 the IRS sent final notices of intent to levy. The July 6, 1992, notice informed the Debtors that they owed delinquent plan payments in the amount of $1,028.95. The August 11, 1992 notice related to the missed July payment in the amount of $253.61. Also on August 11, 1992 the IRS sent a Notice of Levy for the delinquent plan payments of $1,028.93 to the Farmers and Merchants Trust Co. and the Chambersburg Trust Company. The levy was honored by the Farmers and Merchants Trust Company.

The Debtors on September 18, 1992, filed an adversary action requesting that the IRS be required to return the amount of the delinquent plan payments and be held in contempt for violation of 11 U.S.C. § 362. On September 23, 1992, the IRS sent another Notice of Intent to Levy for delinquent plan payments totaling $760.83. On September 28, 1992, Debtors filed a motion to this adversary for a temporary and permanent restraining order prohibiting the IRS from continuing its collection activities in violation of 11 U.S.C. § 362.

The IRS filed a response to the matter for temporary and permanent restraining order. Letter briefs have been filed and two phone conferences held.

The IRS in its letter brief argues:

The real issue for resolution is whether a debtor who fails to make payments in accordance with a confirmed plan is still protected by the automatic stay. If he is not, then the IRS cannot be in violation of the stay, and additionally, cannot be held in contempt.

As was stated in the Internal Revenue Service's Response to Plaintiff's Motion for Temporary and Permanent Restraining Order, it is a steadfast principle of bankruptcy law that the automatic stay terminates on confirmation of a Chapter 11 plan.

Under 11 U.S.C. § 362(c)(2)(C), the automatic stay of bankruptcy continues until a discharge is granted. Confirmation of a Chapter 13 plan discharges the debtor of all debts not otherwise provided for in the plan. 11 U.S.C. § 1141(d)(1). The court in *In re Balogun,* 56 B.R. 227 [117] (Bkrtcy.M.D.Ala.1985), held that when a debtor has received a discharge under § 1141(d)(1), the automatic stay as to any act against the debtor personally is terminated.

At our initial phone conference I indicated that I agreed with the position of the IRS and did not issue the temporary restraining order. Debtors' counsel reviewed the law and still maintained that the collection activities of the IRS are in violation of § 362 of the Code.

It is clear that a discharge does terminate the stay as to an individual. 11 U.S.C. § 362(c) provides:

(c) Except as provided in subsections (d), (e), and (f) of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.

Section 1141(d) relates to the effect that confirmation of a plan has on the discharge of an individual debtor:

(d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—

(A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h) or 502(1)

. . . . .

The difficulty with this case is that the discharge is treated inconsistently in the plan and the order confirming the plan.

The plan provides:

## V. Discharge

Upon confirmation of this plan, debtor shall be discharged and/or released from all those debts and claims dischargeable under the Code.

The order confirming the plan provides:

(6) Upon completion of this plan, the above debtor is released from all dischargeable debts.

 Clearly 1141(d) does contemplate that Debtors can postpone the discharge to sometime after the confirmation date. The confirmation order in this case provides for discharge at the completion of the plan. The language of the order must prevail over the language of the plan. The Debtors in this case therefore have not been discharged and the automatic stay is therefore present to prohibit creditors from pursuing Debtors.

It is unclear why the discharge was postponed till the plan was complete. Debtors' counsel had no recollection as to why the discharge was postponed. My understanding of the confirmation order is that it establishes a new relationship among the Debtors and creditors. If the Debtor does not comply with the plan the creditors should be allowed to pursue their remedies in state court.

The conduct of the IRS in this case was consistent with normal post-confirmation collection procedures when there has been a default of plan payments. I find no willful violation of the stay, although there is a technical violation. The Debtors have requested an order requiring the IRS to return the money it received from the levy. I will not issue such an order. The money received was owed to the IRS under the provisions of the plan.

The confirmation of a plan gives the debtor a fresh start and establishes a new relationship with the creditors. It vests all of the property of the estate to the debtor. While the plan and order of confirmation can provide that the bankruptcy court retain jurisdiction to hear certain disputes, this is the first order of confirmation I have seen which delays the discharge until the completion of the plan. I think the Debtors have an obligation to make the payments under the plan and should not have the protection of the automatic stay to interfere with creditors who are attempting to pursue legal remedies to collect plan payment defaults.

An appropriate order will be entered.

## ORDER

AND NOW, this 30th day of October, 1992, upon consideration of Debtors' Motion for Temporary and Permanent Restraining Order, and the Internal Revenue Service's response thereto;

IT IS HEREBY ORDERED that the Motion is GRANTED to the extent that it seeks to preclude the Internal Revenue Service from levying upon Debtors' accounts. Debtors' Motion is DENIED to the extent that it seeks an assessment of costs and attorney's fees. The Internal Revenue Service is hereby directed to cease attempts to levy upon Debtors' accounts unless and until it secures relief from the Section 362, 11 U.S.C., automatic stay.